MARTHA M. POTTER ET AL. v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE, ET AL.

No. 1920. Decided May 12, 1909.

1.—Statute—Proviso.

A proviso attached to a clause of a statute is to be restricted and applied to the enacting clause and to limit the scope of such preceding clause. (P. 451.)

2.—School Land—Interest—Default—Forfeiture—Death of Purchaser.

By the proviso to Art. 4218-1, Rev. Stats., the Commissioner of the General Land Office could not declare forfeiture of a purchase of school land for default in payment of interest, after the death of the purchaser, until one year from the 1st of November following such death, his heirs and legal representatives being given till such time to make payment. (P. 451).

3.—Same—Case Stated.

A purchaser of school land in good standing became paralyzed and disqualified for business in October, and made default in payment of the interest on his purchase on November first. He died in April following. The Commissioner declared a forfeiture for non-payment in the August following, and sold the land to another. Held, that the death of the purchaser before for-

feiture had been declared deprived the Commissioner of the power to forfeit until one year after the first of November following his death; and that the heirs were entitled to mandamus to compel him to set aside the sale to the second purchaser and to reinstate them as purchasers. (Pp. 449-451).

Original application to the Supreme Court by Martha M. Potter and others for writ of mandamus against the Commissioner of the General Land Office, W. L. Foxworth, an adverse claimant of the land, being made co-respondent.

*James H. Robertson,* for relators.—It is well settled by the decisions of this court that the mere failure to pay interest upon a purchase of school land does not operate as a forfeiture, and that the purchaser has the right to pay at any time before the endorsement of a forfeiture is made by the Commissioner of the Land Office. No other construction could be given to article 4218l, of the Revised Statutes. Shilling v. State, 22 S. W., 233; Savings Bank v. Dowlearn, 94 Texas, 383; Brightman v. Comanche County, 94 Texas, 599; O'Keefe v. McPherson, 25 Texas Civ. App., 313; Bates v. Bratton, 96 Texas, 279.

At the time of the death of Potter the purchase of the land was in good standing in the Land Office and in the treasurer's office, and his death fixed the status and the rights of relators under the statute, and the Commissioner of the Land Office had no authority or power to make the entry of forfeiture until the expiration of the time given to relators by the statute in which to make the payment of interest.

The statute relieving against forfeitures in case of death should be liberally construed so as to prevent, if possible, the harsh remedy of forfeiture, which in this case would be to take $8,000 from relators and leave them no remedy.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent, Robison.

MR. JUSTICE BROWN delivered the opinion of the court.

Martha M. Potter, surviving wife of John B. Potter, deceased, Henry Potter, Wallace Potter, Edward Potter and Cora Davis, children of the said Martha M. Potter and John B. Potter, and A. D. Davis, the husband of the said Cora Davis, instituted this proceeding in this court to secure a mandamus for the purpose and upon the facts hereinafter stated. J. T. Robison, having been elected Commissioner of the Land Office since the institution of the proceeding, made himself a party hereto and W. L. Foxworth was made a party as co-respondent with the said Commissioner.

The facts, briefly stated, are as follows: On July 19, 1901, the Commissioner of the General Land Office awarded section 118, block IT, located by virtue of certificate No. 2059, issued by the State of Texas to the T. & N. C. Ry. Co., in Dallam County, to O. J. Jahns. The application of Jahns was in due and proper form and the award to him was regular in every respect. Jahns

lived upon the land for three years and received a certificate under the statute stating that fact, after which he conveyed it to other parties, through whom John B. Potter acquired the right to the claim by purchase regularly made according to law with transfer of the right of the occupant. In short, up to this point there is no defect in the claim that is here asserted and it is unnecessary to detail the facts in regard to it. John B. Potter purchased the land on the 24th day of November, 1906, at which time all interest due upon the said land up to the first day of November of that year had been paid. The occupant conveyed the land to Potter for the sum of $8000. J. B. Potter put two of his sons in possession of the land and they remained on it up to the time of this controversy.

About October 1, 1907, J. B. Potter was stricken with paralysis, from the effects of which he died on the 7th day of April, 1908, being continuously disqualified for the transaction of any business during that time. The interest which was payable on November 1, 1907, was not paid and the Commissioner of the Land Office endorsed on the file, "Land Forfeited August 12, 1908. (Signed) J. J. Terrell, Commissioner." Relators did not know that the interest was not paid for the year 1908 until about the first day of October, 1908, when they paid the interest due November 1, 1907, and that to become due November 1, 1908, into the Treasury, but the Treasurer, being informed that this account was forfeited, returned the money to them within a month thereafter.

On September 2, 1908, the Commissioner sold and awarded the said section of land to the co-respondent, Foxworth, upon his application duly made by him in proper form. Before the institution of this suit relators executed their obligation to the State and filed it and the deed to Potter in the land office, but the Commissioner refused to recognize the claim of the relators to the said section, recognizing the said W. L. Foxworth as the lawful purchaser of the said land.

The enacting clause of article 4218-1, Revised Statutes, reads thus: "If upon the first day of November of any year the interest due on any obligation remains unpaid, the Commissioner of the General Land Office shall endorse on such obligation 'Land Forfeited,' and shall cause an entry to that effect to be made on the account kept with the purchaser, and thereupon said land shall thereby be forfeited to the State without the necessity of re-entry or judicial ascertainment, and shall revert to the particular fund to which it originally belonged, and be resold under the provisions of this chapter or any future law."

Under the general terms of that clause of the statute the Commissioner would have been authorized to declare a forfeiture of the land in question in this suit after the death of the purchaser, Potter. This would work a great hardship upon the widow and children of purchasers of school land, and the Legislature attached to that enacting clause the following proviso: "Provided, if any purchaser shall die, his heirs or legal representatives shall have one year in which to make payment after the first day of Novem-

ber next after such death, and shall be obsolved and exempt from the requirement of settlement and residence thereon."

The proviso above copied is to be restricted and applied to the preceding enacting clause of the statute, and its effect is to limit the scope of that clause and to except out of its general terms the case stated in the proviso, which otherwise would be embraced in the language used. Campbell v. Wiggins, 85 Texas, 428; Galveston Co. v. Gorham, 49 Texas, 287; Quannah v. White, 88 Texas, 14.

The enacting clause of the article referred to authorized the Commissioner to enter forfeitures in all cases in which purchasers of school lands had failed to make payment of interest on the first day of November of each year. However, the failure to make the payment did not work the forfeiture, it only constituted a ground upon which the Commissioner might act in declaring the forfeiture, and the defaulting purchaser had the right to discharge the interest and protect the land from forfeiture at any time before it was entered by the Commissioner. The effect of the proviso was to except it out of the authority of the Commissioner to declare such forfeiture if the purchaser died prior to the declaration of forfeiture. The only sum mentioned in the enacting clause is "the interest due on any obligation (which) remains unpaid," therefore, the language, "if any purchaser shall die, his heirs or legal representatives shall have one year in which to make payment," etc., can refer to no sum which the heirs might pay except the interest which their ancestor had failed to pay and for which a forfeiture might otherwise be declared. It therefore follows that after the death of Potter the Commissioner of the Land Office was not empowered to declare a forfeiture of the land which Potter had purchased until the expiration of one year from the first day of November next after such death.

It is ordered that the writ of mandamus issue to the Commissioner of the General Land Office, commanding him to set aside the sale made to Foxworth, and that he reinstate the purchase of the land under which the relators claim upon the payment of the interest due upon said purchase, and that the relators recover all costs of the respondents.

*Mandamus granted.*