OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN


Honorable Paul T. Holt
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-1840
Re: (1) Payment of poll taxes by
an agent where the taxpayer
resides in a city of ten thou-
sand (10,000) inhabitants or
more.

(2) When, and under what cir-
cumstances, a tax collector
may issue a voting poll tax
receipt to a taxpayer who has
undertaken to pay his poll
tax by mail.

We have carefully considered your letter of re-
cent date in which you request the opinion of this depart-
ment on two questions propounded by you, the first of which
reads:

"1. Does the exemption as provided in Art.
2962, R. C. S., referred to in your opinion No.
1522, for the payment of a poll tax by an agent
where the taxpayer is out of the precinct of
his residence during the entire taxpaying period,
require that the agent must be appointed before
October 1st, or may such agent be appointed be-
tween October 1st and February 1st?"

Article 2962, Revised Civil Statutes of Texas,
provides:

"In all cases where the taxpayer resides
in a city of ten thousand inhabitants or more,
the tax must be paid in person by the taxpayer
entitled to the receipt, except as provided by
this article. If a person residing in a city
of ten thousand inhabitants who is subject to

pay a poll tax, intends to leave the precinct of his residence before the first day of October with the intention not to return until after the first day of the following February, and does not return before that time, he shall be entitled to vote, if possessing all other legal qualifications, by paying his poll tax or obtaining his certificate of exemption through an agent authorized by him in writing, which shall state truly his intention to depart from the precinct, the expected period of his absence, and every fact necessary to enable the tax collector to fill the blanks in his receipt. Such authority in fact, must be sworn to by the citizen, and certified to by some officer authorized to administer oaths. It shall be deposited with the tax collector and kept in his office."

The method employed by the Legislature in enacting this statute is described in the following observation by the court in the case of STATE V. COUNTRY CLUB, 173 S.W. 570, 580:

"It is the usual and the only safe method, where an act is intended to embrace all but a few, to first enact a sweeping clause, which includes everybody, and then, by proviso or subsequent articles, to name those who are intended to be exempted. . . ."

The effect of such a proviso or exception is described by the Supreme Court of Texas in the case of POTTER V. ROBISON, 102 Tex. 448, 119 S. W. 90, as follows:

"The proviso above copied is to be restricted and applied to the preceding enacting clause of the statute and its effect is to limit the scope of that clause and to except out of its general terms the case stated in the proviso which otherwise would be embraced in the language used. . . ."

"A proviso is substantially an exception. Its natural and appropriate office is to restrain or qualify some preceding matter." 39 TEXAS JURISPRUDENCE, p. 192, par. 102. SPENCE V. FENCHLER, 107 Tex. 443, 180 S. W. 597.

To operate as a proviso, it is not essential that the clause be proceeded by the words "provided". Thus it was held in the case of GALVESTON AND W. RY. CO. V. CITY OF GALVESTON, 155 S. W. 273, 281:

"Although this language is not preceeded by the word 'provided' it is nevertheless, in substance a proviso, and must be so construed. Black on Interpretation of Law, p. 270; 36 Cyc. 1162."

"Exceptions and provisos are, as a rule, strictly construed and applied . . . an exception or proviso will not be extended beyond its plain terms." 39 Tex. Juris., p. 278, par. 148.

Accordingly, it was held in the case of MISSOURI-KANSAS-TEXAS R. CO. V. THOMASON, 280 S. W. 325, 327:

". . . The proviso is in the nature of a specific and express exception to that general rule. It has long been the rule of the courts to construe such provisos strictly. In Roberts v. Yarbro & Wimberly, 41 Tex. 449, Judge Gould quotes with approval the rule laid down by Judge Story in United States v. Dickson, 15 Pet. 165 (10 L. Ed. 689), as follows:

"'When the enacting clause is general in its language and objects, and a proviso is afterward introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fully within its terms.'

"See, also Collins v. Warren, 63 Tex. 411; and McCuistion v. Fenet (Tex. Civ. App.) 144 S. W. 1155."

To the same effect is the case of BRIGHT V. BRISCOE, 193 S. W. 156, the opinion, in part, reading as follows:

"The statute which engrafts an exception on the general statute must be strictly constured and will not be extended by judicial construction. Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 441."

A reading of Article 2962, in the light of the foregoing principles of construction, compels the holding that, in all cases where the taxpayer resides in a city of ten thousand (10,000) inhabitants or more, and payment of his poll tax is made by an agent, the sworn agency authorization must have been executed prior to October 1st; otherwise, the tax collector is without authority to accept the poll tax payment by such agent and issue to the taxpayer a poll tax receipt, entitling the taxpayer to vote.

The "payment by agent" provision of this statute is clearly a proviso or exception to the general law enacted in the first part of the statute, to-wit, "in all cases where the taxpayer resides in a city of ten thousand (10,000) inhabitants or more, the tax must be paid in person by the taxpayer entitled to the receipt, except as provided by this article." (Underscoring ours) As such, it must be strictly construed, the language read according to its plain meaning and not extended by implication or construction. The language simply says that if a taxpayer intends to leave (present tense) the precinct of his residence before the first day of October with the intention not to return before the following first day of February, he may secure his poll tax through an agent, rather than in person, by executing a sworn agency authorization stating truly his intention to depart from the precinct of his residence, the expected period of his absence and the facts necessary to enable the tax collector to fill in the blanks in the tax receipts.

The statute nowhere provides, either expressly or by necessary implication, that an agency authorization may be executed after October 1st or after he has departed, which departure necessarily must be before October 1st, else the proviso will have no application for the simple reason that if the taxpayer leaves after October 1st, he may secure his poll tax in person before leaving because the taxpaying period is from October 1st through January 31st.

You are, therefore, respectfully advised that it is the opinion of this department that the agency authorization provided for in Article 2962, supra, applying to a taxpayer who resides in a city of ten thousand (10,000), inhabitants or more, must have been executed prior to October 1st; if it is executed, and the agent thereby appointed, subsequent to October 1st, the tax collector is without authority to accept payment of the taxpayers poll tax from such agent and issue to the taxpayer a valid voting poll tax receipt.

In so holding, we are in accord with the ruling of this department, under date of February 1, 1913, in a conference opinion signed by Honorable B. F. Looney, Attorney General, and written by Honorable C. A. Sweeton, Assistant Attorney General, addressed to Honorable George R. Gillette, San Antonio, Texas, wherein it was held on the identical question you have submitted:

"In our opinion the tax collector would not be authorized to accept payment of poll tax by an agent if the authority of the agent was sworn to after October 1st." (Attorney General's Opinions, Vol. 27, p. 304)

The second question propounded by you reads:

"2. Where the taxpayer pays his poll tax; either with or without paying his property tax, by mail, accompanied by an affidavit containing all information necessary for making out his poll tax receipt, prior to February 1st, may the Tax Collector make out the tax receipt and deliver it to the taxpayer either before or after February 1st?"

In opinion No. O-1522, by Assistant Attorney General Walter R. Koch, addressed to Honorable John R. Shook, Criminal District Attorney of Bexar County, San Antonio, Texas, construing Article 2963, Revised Civil Statutes of Texas, as last amended by the Forty-first Legislature in 1929, this department held:

"We have concluded that it was not the purpose of Article 2963 to create such third exception so as to permit the payment of poll taxes by mail, although accompanied by payment of property taxes . . ."

Accordingly, before a taxpayer may secure a voting poll tax receipt, he must have paid his poll tax in person, or in the agency method provided for in Articles 2961 or 2962, Revised Civil Statutes of Texas. He may not secure a voting poll tax by mail.

We have in response to the question submitted by you, reconsidered our opinion No. O-1522, with reference to the payment of poll taxes by mail, under Article 2963, supra.

We reaffirm the correctness of this opinion to the effect that a voting poll tax receipt may not be validly issued by a tax collector when payment therefor, and the necessary information incident thereto, is sent to the tax collector by mail, and where there is no personal application therefor by the taxpayer, or by his legally appointed agent. In addition to the considerations set out in our opinion No. O-1522, we further point out that an examination of the caption to the bill enacted by the Forty-first Legislature, at its First Called Session in 1929, as an amendment to Articles 2963, 2965 and 2968 (Acts 1929, 41st Legislature, 1st C.S., p. 111, ch. 51, par. 1) likewise demonstrates that it was not the intention of the Legislature to authorize a new method of paying poll taxes, whereby a voting poll tax receipt might be issued upon the taxpayer's mailing to the tax collector the payment therefor, either with or without his property tax payment. Should it be held that the 1929 amendment, supra, was intended to authorize such a method of payment, a serious question of its constitutionality would arise because of the insufficiency of the caption.

It is therefore our considered opinion that the construction of Article 2963, supra, as amended, set out in our opinion No. O-1522, is correct, as comporting with the language therein and its validity in all respects.

Turning now specifically to the second question submitted by you, the last paragraph of Article 2963, supra, becomes pertinent. It reads:

"All tax receipts issued for any year after January 31st shall be stamped on the face thereof: 'Holder not entitled to vote', and the name of the holder of such poll tax receipt shall not be included in the list of qualified voters."

Since our opinion No. O-1522 holds that a tax collector is without authority to issue a voting poll tax receipt to a taxpayer who sends the payments therefor through the mail, it follows that the only way such taxpayer may secure a voting poll tax receipt is by personal application as required by Articles 2961 or 2962, Revised Civil Statutes of Texas. Therefore, if the taxpayer, who has undertaken to pay his poll tax by mail, either with or without a property tax payment, personally applies for such receipt before February 1st, the tax collector may thereupon issue him a voting tax receipt; whereas, if the taxpayer fails to personally apply therefor before February 1st, the tax collector is compelled, under the above-quoted provision of Article 2963, to issue the poll tax receipt with the words stamped thereon "not entitled to vote".

In answer to your second question, therefore, you are respectfully advised (1) that where the taxpayer undertakes to pay his poll tax by mail, either with or without a property payment, with all the necessary information therewith, the tax collector may not, upon these facts alone, issue a voting poll tax receipt to such taxpayer; (2) if, before February 1st, the taxpayer personally applies therefor, the tax collector may issue and deliver to him a voting poll tax receipt; and (3) if there is no personal application therefor prior to February 1st, the tax collector may only issue and deliver the poll tax receipt with the words thereon "not entitled to vote". In any case, of course, the tax collector may issue, and the taxpayer is entitled to receive, either by personal delivery or by mail, his tax receipt for taxes paid of any nature, including the poll tax; the foregoing determining only the right of the taxpayer to a voting poll tax receipt.

We point out that it would be entirely proper for the tax collector to inform the taxpayers, who undertake to pay their poll taxes by mail, that it is necessary, under the statutes of Texas, that they personally apply for their poll tax, prior to February 1st, before they may be issued a poll tax receipt giving them the right to vote.

We fully recognize, and regret exceedingly, the inconvenience and hardship which may be caused many of the citizens of Texas when this department seeks to give force to the laws of our State, as we are doing in this opinion. We may not, in the discharge of our responsibilities, be guided by expediency, convenience or personal desires. We conceive it to be our duty to give effect to the will of the Legislature of Texas as expressed in its statutory enactments, and as construed by our courts. In so doing, we point out to the Legislature the effect and status of our present statutory law, whereby it may, as deemed by it necessary and proper, modify those laws which it believes to be oppressive, burdensome, or too stringent.

Very truly yours

ATTORNEY GENERAL OF TEXAS

(Signed)   Zollie C.Steakley
By

Zollie C. Steakley

ZCS:LM

APPROVED: JAN. 18, 1940
(Signed)   Gerald C. Mann
ATTORNEY GENERAL OF TEXAS