### BOARD OF ADJUSTMENT OF CITY OF WEST UNIVERSITY PLACE et al. v. JONES.

#### No. 11243.

Court of Civil Appeals of Texas. Galveston.

June 26, 1941.

Rehearing Denied July 17, '1941.

A. J. Lamonte, of Houston, for appellants.

J. P. Adoue and F. P. Jones, Jr., both of Houston, for appellee.

GRAVES, Justice.

The substance of the general statement of the appellants, conceded by the appellee to be approximately correct, is thus taken from their brief:

"This suit was instituted in the district court of Harris County, and involves the construction of Subsection 1 of Section 24 of Ordinance 111, commonly known as 'Zoning Ordinance', of the City of West University Place, Texas.

"The action originated by the filing of an application, by the plaintiff, for writ of certiorari to the Board of Adjustment of the City of West University Place, Harris County, and the members thereof in their official capacities, commanding said Board of Adjustment and said members to certify and send to said trial court a full and complete transcript of the record and proceedings of the said Board of Adjustment had in the matter of the appeal of plaintiff to said Board of Adjustment from the action of the Building Inspector of the City of West University Place in cancelling a building permit theretofore issued to plaintiff for the construction of a residence by him. The application was filed pursuant to and in accordance with the provisions of Article 1011g, Revised Civil Statutes of Texas [Vernon's Ann.Civ.St. art. 1011g], and was granted by the trial court. In obedience to said writ of certiorari said Board of Adjustment filed in the trial court a full and complete transcript of the record and proceedings relating to plaintiff's appeal to said Board.

"Plaintiff's said application and petition alleges that plaintiff was the owner of property fronting south on the 2600 block of Pemberton Drive in the City of West University Place; that he made application for a building permit to erect a residence and accessory buildings thereon and submitted architect's plans and drawings showing the proposed locations of said

buildings upon said property and showing that said residence was to be erected at a set-back distance of 35 feet from the front property line of said property; that said building permit was issued, and thereupon he proceeded with construction of foundations for said residence and accessory buildings and installed certain plumbing; that he was notified that the erection of said residence at a set-back distance of 35 feet from the front property-line was violative of Subsection 1 of Section 24 of said Ordinance 111, which reads as follows:

'Section 24

'Lot Coverage in a Single-Family Dwelling District.

'(1) Front Yard: There shall be a front yard along each street line of the lot. The minimum depth of a front yard, except along the side line of a corner lot, shall be 30 feet; provided that if 25% of a block frontage is improved with buildings, the front yard shall extend to the alignment of such existing buildings, but in no case shall the depth of such front yard be less than 20 feet', for the reason that said distance was not in alignment with existing buildings covering more than 25 per cent of the frontage in said block, and that it would be necessary for him to comply therewith; that he appealed to the said Board of Adjustment, and, upon a hearing before said Board, he was notified to erect said residence at a set-back distance that would be in alignment with existing buildings in said block and that said set-back distance would be approximately 41 feet from plaintiff's front property line.

"The defendants answered by filing pleas in abatement alleging misjoinder of parties defendant and of causes of action, general demurrer, various special exceptions and general denial.

"The cause was submitted to the court upon written agreed stipulations, and both parties filed written briefs with the trial court covering both the pleas and exceptions of the defendants and the merits of the cause.

"After having taken the cause under advisement the trial court thereafter rendered judgment for the plaintiff, setting aside and holding for naught the action of the Board of Adjustment, and granting the injunction prayed for, to which action of the court the defendants duly excepted and gave the requisite notice of appeal."

The trial court, in support of its action, filed findings of fact and conclusions of law, the more material portions of which, for purposes of the appeal, were these:

"Findings of Fact.

\* \* \* \* \* \*

"XII.

"That at all times pertinent hereto Ordinance No. 111 of the said defendant City of West University Place, Harris County, Texas, was in full force and effect, and that Subsection 1, Section 24, thereof reads as follows: (Copied supra).

"XIII.

"That it was the intention of said City of West University Place, as evidenced by the terms and provisions of Subsection 1, Section 24, of Ordinance 111 hereinabove set forth in Paragraph XII above, and the administrative construction thereof by the said City, to provide that the minimum depth of a front yard, except along the side line of a corner lot, shall be thirty (30) feet, provided that if 25% of a block frontage is improved with buildings in alignment at a set-back distance of less than thirty (30) feet but not less than twenty (20) feet, the front yard shall extend at least to the alignment of such existing buildings, which shall, in such case, constitute the minimum set-back line of future buildings upon said block.

"XIV.

"That Petitioner has taken all steps and filed all pleas, petitions and applications to invest this Court, and that this Court has, full and complete jurisdiction to hear and determine this cause.

"Conclusions of Law.

"I.

"That Subsection 1 of Section 24 of Ordinance No. 111 of the said City of West University Place, does not operate to forbid or prevent the erection of the front line of the residence or main building of the Petitioner, F. P. Jones, Jr., at a set-back distance of thirty-five (35) feet from the front property line of his said tract of land, or at any other set-back distance greater than thirty (30) feet from the front property line of said tract of land.

\* \* \* \* \* \*

"III.

"That the rulings and decisions hereinabove referred to, of the said defendant,

J. A. Metcalf, Building Inspector, as aforesaid, and of the said Board of Adjustment of the said defendant City of West University Place, Harris County, Texas, and the Chairman and members thereof, were made without warrant or authority in law and should be reversed, set aside and held for naught.

"IV.

"That the defendants, J. A. Metcalf, Building Inspector, and Joe L. Archer, Sam Semo, R. S. Bayless, J. A. Davlin and Neil Geisenhoff, and each of them in their respective capacities as the Chairman and members of the said Board of Adjustment of the said City of West University Place, and the said Board of Adjustment of the said City of West University Place, the said City of West University Place, Harris County, Texas, and the officials, agents, servants and employees thereof should be perpetually enjoined and restrained from harassing, interfering with, or prohibiting, or seeking to harass, interfere with, or prohibit, the erection of the main building or residence upon Petitioner's said tract of land at a set-back distance of thirty-five (35) feet from the front property line, or at any other set-back distance greater than thirty (30) feet from the front property line of said tract of land.

"V.

"That unless said defendants, and each of them, are enjoined and restrained as hereinabove set forth, Petitioner will suffer irreparable damage and will be without an adequate and complete remedy at law, and therefore injunction should issue as prayed for by Petitioner."

Through their able counsel, and by means of 10 propositions of law, appellants, in inveighing here against the determination so adverse to them below, make two comprehensive contentions—the first through propositions 1 to 5, inclusive, 7, 8, and 10, to the effect that neither the findings of fact nor conclusions of law based thereon are supported by the evidence; the second, presented by propositions 6 and 9, to the effect that the judgment, together with its supporting conclusions, was erroneous as a matter of law, especially "when a like City ordinance had theretofore been held valid and not unconstitutional by the appellate courts of this state."

After careful consideration of the cause, it is held that none of appellants' present-

ments can be sustained, but that, to the contrary, upon the stipulated facts below—inclusive of the proceedings before the Board of Adjustment that were, upon a writ of certiorari, before the court—no other judgment than the one so rendered by the trial court could have been properly pronounced.

Indeed, under the stipulated facts alone, that result must necessarily have followed, a condensed statement of which may be thus in substance quoted from the appellee's brief:

"The evidence shows that the plaintiff, F. P. Jones, Jr., is the owner in fee simple, subject to the restrictions and conditions set forth in the deed under which he holds, of the tract of land upon which he began the erection of a garage and residence on or about the 8th day of January, 1940, having applied to defendant, J. A. Metcalf, Building Inspector of the City of West University Place, for and received a permit to erect said residence and accessory buildings upon his said tract of land; that in connection with his application he filed with the said Building Inspector of the City of West University Place plans showing the improvements to be erected upon said land, which included a plot plan showing that the main building was to be constructed at a set-back distance of 35 feet from the front property line; that at the time the defendant Metcalf issued the building permit to the plaintiff Jones he did not study the plot plan; that the contractor for said Jones began the construction of the garage and main building and poured concrete foundation for said main building at a set-back distance of 35 feet from the front line prior to the time a stop-order was issued, and that in such work there was expended the sum of $340.72; that during all times pertinent to this controversy, the main buildings upon the block of ground in the said City of West University Place, in which is located the lot of plaintiff, were erected at set-back distances from the front property line as follows:

Plot No. 1—2600 Pemberton Drive—40 ft.
Plot No. 3—2616 Pemberton Drive—42 ft.
Plot No. 5—2626 Pemberton Drive—44 ft.
Plot No. 6—2640 Pemberton Drive—55 ft. 6 in.

"The evidence further showed that the said City of West University Place and the Building Inspector had not previously encountered a case where, as he claimed, the

houses were aligned in a diagonal line, that is, a line not running parallel to the front property line of the block. Mr. Goodman, the contractor for the plaintiff, testified that there was no alignment of houses in the block and no alignment of houses upon 25% of the block frontage, and Mr. Salsbury, architect for the plaintiff, testified that there was no such alignment, while the defendant Metcalf, Building Inspector for the City of West University Place, testified that there was an approximate alignment. The only objection voiced to the erection of the main building upon the tract of land in question was that—in the opinion of the witnesses—such location of the main building would detract from the attractiveness of the addition. The evidence showed that the houses fronting north upon the block opposite the block upon which the plaintiff's tract of land is located, are also not in alignment."

In reaching the given conclusion this court does not find it necessary, nor indeed called for, that the purely contingently involved question discussed in the briefs touching the constitutionality of the ordinance subsection here under review be determined one way or another, hence that will not be done.

This for the reason that this court is clear in the holding that the meaning given that subsection by the learned trial court, as quoted supra, was correct, from which it follows, as night the day, that the appellee had not violated such ordinance and is entitled to proceed with the construction of his building and improvements without interference from the appellants; especially so when the developed facts, as so cited supra, unmistakably upheld all of these three declarations of the appellee in his petition for the writ awarded him, to-wit:

"First, that by construction subsection 1 of Section 24 of Ordinance No. 111 of said City of West University Place, Harris County, Texas, did not operate to prevent the location of the plaintiff's main building upon his said tract of land at a set-back distance of 35 feet from the front property line nor at any distance greater than 30 feet therefrom.

"Second, that the said City of West University Place, Harris County, Texas, and the officials thereof, had placed an administrative construction upon said subsection of said ordinance in conformity with the construction and interpretation thereon in paragraph First hereinabove set forth.

"Third, that no alignment of existing buildings had been established so as to bring into effect the provision of said subsection of said ordinance."

These authorities furnish ample support for the holding made, as to the construction of the ordinance: Potter v. Robison, 102 Tex. 448, 119 S.W. 90; Fenet v. McCuiston, 105 Tex. 299, 147 S.W. 867.

For the reasons already indicated, it is deemed beyond the requirements for this court to undertake a discussion in detail of the appellants' various assignments attacking the sufficiency of the evidence to sustain the findings of fact so made, since in its opinion the evidence was amply sufficient to sustain each and all of them; wherefore, appellants are inept in their suggestion "that the judgment of the trial court is without support in the evidence and that, consequently, this constitutes fundamental error on the face of the record," because they merely raise a question of law over what construction should be given Subsection 1 of Section 24 of Ordinance 111, rather than to point out wherein the evidence is insufficient to support the judgment rendered; in other words, at most, it merely poses a legal question over the construction of that ordinance, which, under their view of its meaning, would leave the judgment otherwise without supporting evidence; so that, obviously, if the contrary construction put upon that provision by both the trial court and this court is correct, they entirely failed to show any insufficiency in the evidence—rather they thereby demonstrated that the undisputed evidence required the action the trial court took.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; an affirmance will therefore be entered.

Affirmed.