**SOUTHWEST TITLE INSURANCE
COMPANY, Appellant,**

v.

**STATE BOARD OF INSURANCE, Appellee.**

No. 11308.

Court of Civil Appeals of Texas.

Austin.

May 5, 1965.

Rehearing Denied June 2, 1965.

Kuykendall & Kuykendall, Austin, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., Stanton Stone, Executive Asst. Atty. Gen., Joe R. Long, Ralph R. Rash, Asst. Attys. Gen., Austin, for appellee.

ARCHER, Chief Justice.

Southwest brought this suit against Board seeking to set aside a Board order entered April 9, 1964, which affirmed a finding by J. N. Nutt, Commissioner of Insurance, that the value of the abstract plant owned by Southwest had a value of $100,-000.00. The trial court rendered a take nothing judgment.

The appeal is based on three points to the effect that the trial court erred in holding that Board approval as to the value of an abstract plant was required under Article 9.02, Insurance Code, even though (1) Southwest had deposited $100,000.00 in securities, (2) was not doing a trust business, and (3) the Directors of Southwest had deemed it necessary to invest in excess of 50% of its capital in an abstract plant, and

the only evidence introduced showed that the value of the plant was at least $450,000.00, and finally there was no evidence to support the Board's finding of a value of $100,000.00.

It was stipulated that Southwest is a title insurance company organized under the laws of Texas, not authorized to engage in a trust business, and had on deposit with the Board $100,000.00 in securities, and increased its capital stock in January 1963 from $175,000.00 to $500,000.00 which was approved by proper authorities. The Board of Directors of appellant passed a resolution finding it was necessary to its business to invest in excess of 50% of its capital in an abstract plant; the Commissioner of Insurance on November 5, 1963 issued an order fixing a value of $100,000.00 on appellant's abstract plant, and an appeal from the order was taken to the Board which approved the action of the Commissioner.

The question presented under the first point of error is whether or not Southwest under the stipulations was required under Article 9.02, Insurance Code, V.A.T.S., to obtain approval by the Commissioner or of the Board as to the value of an abstract plant.

Appellee takes the positions that the judgment was correct because appellant failed to plead or prove a cause of action, and the Board had jurisdiction to approve the valuation of the abstract plant, and its action was supported by substantial evidence, and because appellant failed to prove it had invested any of its capital in an abstract plant beyond the original investment.

Appellant asserts that it sought the approval of the Commissioner to fix the valuation of its abstract plant from $87,000.00 to $330,000.00, but urges that since it has complied with the provisions of Article 9.02, Texas Insurance Code, in maintaining a deposit of $100,000.00 in securities, it is not required to obtain the approval of the Commissioner nor the Board as to the valuation of the abstract plant in which it desires to

invest in excess of 50% of its capital, but that the Commissioner and the Board have erroneously asserted that the valuation of such abstract plant must be approved by him and/or them.

Article 9.02 of the Texas Insurance Code provides:

"All corporations created and/or operating under the provisions of this chapter must have a paid up capital of not less than One Hundred Thousand ($100,000.00) Dollars. Any corporation organized under this chapter having the right to do a title insurance business may invest as much as fifty (50%) per cent of its capital stock in an abstract plant or plants, provided the valuation to be placed upon such plant or plants shall be approved by the Board of Insurance Commissioners; provided, however, that if such corporation is not doing a trust business as provided in subdivision 4, Article 9.01 of this chapter, and maintains with the Board the deposit of One Hundred Thousand ($100,000.00) Dollars, in securities as provided in Article 9.07 of this chapter, such of its capital in excess of fifty (50%) per cent, as deemed necessary to its business by its board of directors may be invested in abstract plants; and provided further, that no such corporation created and/or operating under the provisions of this chapter may either directly or through ownership of a portion of the capital stock of another corporation, or otherwise, hereafter own or acquire more than one abstract plant in any one county."

Appellant has on deposit $100,000.00 in securities, was not doing a trust business and its Board had deemed it necessary to invest in excess of 50% of its capital in an abstract plant as provided by Article 9.02, but had not taken such action or fixed the amount it deemed necessary to invest.

On October 29, 1963 appellant filed its application for approval of value of its

Dallas County Abstract Plant from $87,-500.00 to $330,000.00.

On November 5, 1963 this application came on for consideration by the Commissioner of Insurance, who after hearing testimony in support of the application, found:

"Based upon the evidence presented at the hearing and the supplemental evidence submitted for consideration in connection with the amended application, the Commissioner finds that for annual statement purposes the abstract plant has a value of ONE HUNDRED THOUSAND DOLLARS ($100,000), there being no showing that any other plant had been acquired or that any additional capital investment had been made in such plant subsequent to the issuance of the original certificate of authority in 1952. THEREFORE, premises considered, the Commissioner of Insurance approves the application of SOUTHWEST TITLE AND INSURANCE CO., Dallas, Texas, to the extent of ONE HUNDRED THOUSAND DOLLARS ($100,000), for the increase in the value of the Company's Dallas County abstract plant."

Appellant took an appeal to the State Board of Insurance. On January 28, 1964 the Board took up for consideration the appeal from the action of the Commissioner and after a hearing approved the action of the Commissioner in fixing the value of the plant at $100,000.00.

On March 4, 1964 a motion for rehearing was granted and a further hearing was set for March 18, 1964.

On April 9, 1964 the Board entered its final order as follows:

"Subject Considered:

SOUTHWEST TITLE AND
INSURANCE CO.
Dallas, Texas        ·

Appeal from action taken by the Commissioner under his *Official Order No. 14820, dated November 5, 1963*

General remarks and official action taken

On this day, came on for consideration by the State Board of Insurance, the application of SOUTHWEST TITLE AND INSURANCE CO., Dallas, Texas, for an appeal from the official action of the Commissioner under his Official Order No. 14820, dated November 5, 1963, to the effect that a valuation of One Hundred Thousand Dollars ($100,000) should be placed upon the abstract plant of the Company for annual statement purposes.

The initial public hearing upon such application was held before the State Board of Insurance at 2:00 P.M. on January 16, 1964, in the offices of the State Board of Insurance, 1110 San Jacinto, Austin, Texas, and following such hearing the State Board of Insurance issued its Official Order No. 5916, dated January 28, 1964, approving the action taken by the Commissioner and denying the appeal of the applicant. The Board under Order No. 6000, dated March 4, 1964, granted the applicant's motion for rehearing and withdrew its previous Order No. 5916. A further hearing was held upon such application before the State Board of Insurance at 2:00 P.M. on March 18, 1964, in the offices of the State Board of Insurance, 1110 San Jacinto, Austin, Texas, at which hearing SOUTHWEST TITLE AND INSURANCE CO. appeared by and through R. P. Stewart, Jr., President, and attorney F. L. Kuykendall, and presented written briefs, evidence and oral argument in support of the appeal from Commissioner's Order No. 14820.

The record of the proceedings before the Commissioner for the approval of the valuation to be placed upon

the abstract plant of SOUTH-WEST TITLE AND INSURANCE CO. and all exhibits and evidence presented at the hearing before the Commissioner of Insurance and at the initial hearing before the State Board of Insurance were incorporated into and made a part of the reopened hearing before the State Board of Insurance.

After having considered the record of the hearing before the Commissioner of Insurance and the evidence presented at such hearing and after having considered the evidence, testimony and oral argument presented at the hearings before the State Board of Insurance and the written briefs submitted at such hearings, the State Board of Insurance finds that:

(1) The Company has not shown that it has acquired any additional plants or has invested any of its capital stock in the abstract plant subsequent to the issuance of its original Certificate of Authority in 1952.

(2) A valuation of One Hundred Thousand Dollars ($100,000) should be placed on the Company's abstract plant for annual statement purposes, such valuation being based upon appraisals of the abstract plant which were submitted by the Company in connection with its application for its initial Certificate of Authority dated December 4, 1952.

THEREFORE, premises considered, the State Board of Insurance is of the opinion and so finds that the official action taken or ruling made by the Commissioner is proper and correct and hereby approves Commissioner's Official Order No. 14820, and the appeal by SOUTHWEST TITLE AND INSURANCE CO.

from such Order is hereby, in all respects, denied."

As noted the sole question presented under the First Point of Error is whether or not Southwest under the facts was required under Article 9.02 to obtain approval of the Commissioner or the Board as to the value of an abstract plant before it could invest in excess of 50% of its capital in such an abstract plant.

There is no way the Commissioner can fix or approve the valuation of the abstract plant until the appellant has actually invested the additional capital in the plant.

Appellant relies on the portion of Article 9.02 providing for the maintenance of $100,-000.00 in securities and not doing a trust business as creating an exemption from securing approval by the Board of Insurance Commissioners in investing its capital in excess of 50% in abstract plants.

The statute does not in so many words declare that it is not necessary to secure Board approval as to valuation.

There are a number of cases construing the meaning and effect of the words "provided, however," such as Potter et al v. Robison, 102 Tex. 448, 119 S.W. 90; Knight et al v. Chicago Corporation et al, 144 Tex. 98, 188 S.W.2d 564; New Amsterdam Casualty Company v. Hamblen et al, 144 Tex. 306, 190 S.W.2d 56.

We recognize that the Board can exercise only the authority conferred upon it by law.

Commercial Standard Insurance Co. v. Board of Insurance Commissioners of Texas, Tex.Civ.App., 34 S.W.2d 343, er. ref.

Key Western Life Insurance Company v. State Board of Insurance, 163 Tex. 11, 350 S.W.2d 839.

We think that there can be no question according to the testimony, that the abstract plant is worth $450,000.00; however, there is no testimony that appellant has

invested any money in the plant unless it be the general improvement and additions by way of records over the years under the terms of a lease agreement with Southwest Title and Abstract Company by the terms of which the abstract company agreed to keep and maintain the plant at its own expense.

Appellant's president testified that since the plant was leased, no money had been invested in the plant.

Appellee takes the position that under Article 9.02 appellant can invest in excess of 50% of its capital in an abstract plant as may be deemed necessary by its board of directors but the valuation to be placed upon such plant must be approved by the Commissioner, and that there is no proof that since the purchase of the abstract plant in 1952 that any further investment has been made in the plant.

Appellee further contends that there is no justiciable controversy and that the judgment of the trial court should be affirmed, because no cause of action was alleged and no proof to show a cause of action, and that the Board had jurisdiction to approve or disapprove valuation.

Article 1302a, Vernon's Ann.Civ.St., was enacted in 1929 and Section 2 of that statute reads substantially the same as Article 9.02 of the Code, down to the "provided, however," clause. The caption of the 1929 statute declares that it is an act:

" * * * regulating the amount of paid in capital of all corporations operating under this Act; * * * giving the Board of Insurance Commissioners exclusive control over corporations doing business hereunder; requiring annual statements from and providing for examinations of such corporations; * * * "

The 1933 act adds the "provided, however" clause and the caption recites as its purposes:

"An Act to amend Section 2, of an Act passed by the Legislature of Texas, February 26, 1929, House Bill No. 153, relating to title insurance business and the capital stock of corporations doing such a business; regulating the amount of capital stock of companies which may be invested in abstract plants; and declaring an emergency."

We do not believe that the "provided, however" clause permits companies to place their own valuation upon their assets, since other provisions of the Code require the Commissioner to examine such companies with respect to solvency, and if a company could fix its own valuation without proof, its capital could be impaired.

Appellant invoked the jurisdiction of the Commissioner and the Board to approve the valuation, as it states mistakenly, but did offer such proof as it desired in the hearings.

If and when appellant invests in such abstract plant additional of its capital in an amount that would justify the Commissioner and the Board in approving a valuation of the plant in excess of the present valuation, doubtless an application for an increase in valuation would be given consideration and if justified a higher valuation would be made.

If the appellant does not desire an approval by the Commissioner of an additional investment, it is within the discretion of its Board to do so without authorization of the Commissioner.

The duty of the Board of Insurance Commissioners in regard to the valuation of assets are similar to those of the Banking Board where the public interest is at stake.

Brazosport Savings and Loan Association v. American Savings and Loan Association, 161 Tex. 543, 342 S.W.2d 747.

The second and third points are directed to the lack of substantial evidence to support the Board's order fixing a value of $100,000.00 for the abstract plant.

As we have observed there was testimony fixing the value of the plant at a much higher amount. There was no evidence that appellant had invested any of its funds in the abstract plant since its original investment, but appellant alleged that it desired to invest its capital.

No effort was made by appellant to prove ownership of the additions to the plant or to segregate the additions in value from the original plant cost, or the ownership thereof.

The burden of proof was on appellant to show that the Board had abused its discretion. This it failed to do.

The judgment of the trial court is affirmed.

HUGHES, Justice (concurring).

Art. 9.07 of the Insurance Code, referred to in Art. 9.02 of the Code, provides, in part, that title insurance companies need deposit admissible securities amounting to only one-fourth of its authorized capital stock, such deposit never to exceed $100,-000.00.

Art. 9.02, copied in the Court's opinion, authorizes title insurance companies generally to invest as much as 50% of their capital stock in an abstract plant or plants provided the valuation placed on such plant or plants shall be approved by the Board of Insurance Commissioners. By special proviso, Art. 9.02 provides that title insurance companies not doing a trust business and who maintain a deposit of $100,-000.00 with Board, not merely one-fourth of its capital stock, may, through its Board of Directors, invest its capital in excess of 50% in abstract plants. There is no requirement in this proviso that the company or its directors procure an approval of the valuation of such abstract plants by the

Board as a condition to investing as much as 50% of its capital in such plant or plants. I accept this proviso as it reads and would not imply or read into it any requirement not expressed. With this explanation, I concur in the Court's opinion.