**TEXAS EMPLOYMENT COMMISSION,
Appellant,**

v.

**GANT, INC., Appellee.**

**No. 16276.**

Court of Civil Appeals of Texas,
San Antonio.

June 11, 1980.

Mark White, Atty. Gen., Gayle Johnson Cipriano, Marilynn Poole Bailey, Asst. Attys. Gen., Austin, for appellant.

Mark J. Cannan, Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellee.

OPINION

CADENA, Chief Justice.

The Texas Employment Commission appeals from a judgment setting aside the Commission's ruling that Ruth LeCroy was entitled to unemployment benefits under the Texas Unemployment Compensation Act. Tex.Rev.Civ.Stat.Ann. art. 5221b–1 *et seq.* (Vernon 1971). Appellee, Gant, Inc., Mrs. LeCroy's former employer, sought judicial review of such determination and the trial court, after hearing testimony, concluded that the Commission's ruling was not supported by substantial evidence. Judgment was entered setting aside the Commission's order and decreeing that no chargeback be made against the employer in connection with Mrs. LeCroy's claim.

Gant argues that since Mrs. LeCroy is not a party to the appeal from the trial court's judgment the appeal must be dismissed. We disagree.

■ In a suit seeking judicial review of an order of the Commission, all persons who were parties to the proceedings before the Commission must be made parties to the suit. Tex.Rev.Civ.Stat.Ann. art. 5221b–4(i) (Vernon 1971). The presence of all such parties is necessary to invest the reviewing court with jurisdiction of the matter. *See Lambeth v. Texas Unemployment Compensation Comm'n,* 362 S.W.2d 205, 206 (Tex. Civ.App.–Waco 1962, writ ref'd). Under the provisions of Article 5221b–4(i), the court action is "against the Commission."

■ Where an appeal is taken from a judgment of a trial court, all parties whose interest in the subject matter of the proceeding could be adversely affected by a reversal or modification of the judgment are necessary parties to the appeal. *See Pfeffer v. Meissner,* 286 S.W.2d 241, 251 (Tex.Civ.App.–Galveston 1955, writ ref'd n.r.e.). Unless a person's interest in the subject matter is adverse to the interest of the appellant, a modification or reversal of the trial court's judgment cannot detrimentally affect such person's interest. *See Ponca Wholesale Mercantile Co. V. Alley,* 378 S.W.2d 129, 131 (Tex.Civ.App.–Amarillo 1964, writ ref'd n.r.e.).

■ Where, as here, the Employment Commission is seeking reversal of a judgment setting aside the Commission's ruling in favor of an employee, the interest of the employee cannot be adversely affected by a modification or reversal of the trial court's judgment, since the interest of the employee is not adverse to the interest of the Commission in the subject matter of the appeal. In such a proceeding the employee need not be made a party to the appeal.

Gant also contends that the Commission has no standing to prosecute the appeal solely in its own name. This contention must be rejected.

In *Board of Adjustment of City of Fort Worth v. Stovall,* 147 Tex. 366, 216 S.W.2d 171 (1949), a zoning board of adjustment was attempting to appeal from a trial court judgment setting aside the board's order granting a permit for the construction of an outdoor theater. The Supreme Court reversed the holding by the Court of Civil Appeals that the board had no standing to prosecute the appeal because it was not a party to the proceedings before it and had no interest in defending its own rulings. The Supreme Court pointed out that the board, in determining whether a permit should be granted, is engaged in a delegated policy–making function and is not merely adjudicating private rights, so that the public, as well as the private parties affected, has an interest in upholding a valid

**214**

board determination. The Court concluded that the board is the proper party to represent such public interest where the validity of a board decision is challenged. 216 S.W.2d at 173.

 The Employment Commission is charged with administration of the Unemployment Compensation Act. Tex.Rev.Civ. Stat.Ann. art. 5221b–9 (Vernon 1971). The Commission represents the legislatively declared public interest in controlling and alleviating the consequences of unemployment. While its decisions necessarily affect private rights, its actions have an important public bearing on the entire statutory scheme of unemployment compensation. Under the reasoning in *Stovall*, the Commission, because of its functions, must be permitted to represent the public interest in all legislation calling its decisions in question.

We conclude that the Commission has an appealable interest in this litigation.

 Judicial review of an order of the Commission is to be conducted under the substantial evidence rule. *Texas Employment Comm'n v. Holberg*, 440 S.W.2d 38, 42 (Tex. 1969).

 When a party aggrieved by an action of the Commission seeks judicial review of such action, the Administrative Procedure and Texas Register Act requires that the agency file the original or a certified copy of the entire record of the challenged proceeding, and judicial review of the action is confined to the record, except that the court may receive evidence of procedural irregularities alleged to have occurred during the agency proceedings but which are not reflected by the record. Tex.Rev. Civ.Stat.Ann. art. 6252–13a, § 19(d) (Vernon Supp. 1980).

 The record filed in this Court in this case reveals that the record of the proceedings conducted before the Commission was not filed with the trial court. The statute limits judicial review, with exceptions not here applicable, to an examination of the record of the proceedings before the agency. A court cannot render its decision on the basis of evidence produced in the trial court. *DeLeon v. Texas Employment Comm'n*, 529 S.W.2d 268, 270 (Tex.Civ. App.–Corpus Christi 1975, writ ref'd n.r.e.).

The judgment of the trial court is reversed and the cause is remanded to the trial court in accordance with § 19(d) of Tex.Rev.Civ.Stat.Ann. art. 6252–13a. There can be no doubt of the trial court's power to compel production of the record of the proceedings before the Commission.