Eugenio MIRELES et al., Relators,

v.

DEER RUN PROPERTIES, INC., et al., Respondents.

No. 16806.

Court of Civil Appeals of Texas, San Antonio.

April 14, 1981.

Harvey L. Hardy, San Antonio, for relators.

John W. Davidson, Sawtelle, Goode, Davidson & Troilo, E. S. Prashner, Ertel & Prashner, San Antonio, Ernest Gerard Mireles, Eagle Pass, for respondents.

OPINION

CADENA, Chief Justice.

Relators in this case are Eugenio Mireles, Leroy Slubar, Roberto Mireles and Richard Lane, members of the Board of Trustees of the Water Works System of the City of Eagle Pass, and Charles G. Downing, Sr., general manager of such system. Respondents are the Honorable Walter Loughridge, district judge, and Deer Run Properties, Inc. Relators will be referred to as "Board" or "Trustees." The Honorable Walter Loughridge will be referred to as "Judge" and Deer Run Properties, Inc., will be referred to as "Developer."

In this proceeding Relators seek to prevent the Judge from holding them in contempt for disobedience of a mandatory injunction issued in Cause No. 6225, styled Frontier Implement Company v. The City of Eagle Pass, a Municipal Corporation, and the Board of Trustees of the City of Eagle Pass Water Works System, a Public Utility Corporation.

The injunction orders the City of Eagle Pass and its agents, servants and employees to extend its water mains and furnish water service to lots in Deer Run Subdivision, owned by Developer.

The events leading up to this proceeding are somewhat interesting. Cause No. 6225 was originally filed by Frontier Implement Company against the City of Eagle Pass and the Board to compel such defendants to furnish water service to land owned by Frontier. Developer intervened in this suit alleging that it had an interest in the City's action against the Board. Developer adopted the allegations contained in the City's petition for mandamus against the Board and sought a mandatory injunction ordering the Board to furnish water to Developer's subdivision. Developer sought no relief against the City.

The Board's pleadings opposed all demands for the extension of its lines and service and sought, as against Frontier, Developer and the City, a judgment declaring its right and power to manage and control the water system and declaring invalid certain ordinances adopted by the City calling for such extension.

After Frontier had taken a non-suit, on the date set for hearing, the Judge opened the proceedings by stating that in his opinion the Board and the individual trustees were not proper parties to the suit, since they were merely agents and employees of the City, and the Developer's suit should be against the City. He said that if "some lawyer" would urge a plea in abatement he would consider it.

After some discussion reflecting some degree of confusion by all parties concerning the proper procedure, counsel for the City orally moved that the Board be dismissed from the case. The Judge granted such motion. Counsel for Developer then pointed out that since it had filed no pleadings complaining of the City or seeking any relief against the City, Developer was in the position of plaintiff with no remaining defendants. Counsel for the City said that Developer's pleadings against the Board would be considered as being directed against the City, and the Judge said that the parties would be realigned, making Developer the plaintiff and the City defendant. Counsel for the City then "confessed judgment." Judgment ordering the exten-

sion of lines and service to Developer's subdivision was then signed. Developer subsequently filed a motion for contempt against Relators which gave rise to this application for prohibition.

■ Relators gave notice of appeal in the manner provided by Rule 356(c), Tex.R. Civ.P., but filed no appeal bond. Respondents contend that the jurisdiction of this Court has not attached because no appeal bond was filed by Relators.

Article 1174, Tex.Rev.Civ.Stat.Ann. (Vernon 1963), provides that cities may institute and prosecute suits without giving security for costs and may appeal from adverse judgments without filing supersedeas or cost bonds.

In *Board of Adjustment of City of Forth Worth v. Stovall*, 147 Tex. 366, 216 S.W.2d 171, 174–5 (1949) the Supreme Court, pointing out that the city's Board of Adjustment "is created by ordinance of the City of Forth Worth under authority granted by Article 1011g and the city charter, and it is a governmental agency of the city," held that such Board is not required to file an appeal bond.

The Board in this case was created under authority granted by Article 1115 and the charter of the City of Eagle Pass. Article 1115 provides that the city counsel of a city owning an encumbered water works system may place the management and control of such system in the hands of a board of trustees, with the duties and powers of such board being specified in the contract of encumbrance. The ordinance adopted by the City of Eagle Pass embodying the contract of encumbrance of the water system creates a board of trustees, places the management and control of the water system in the hands of such board and specifies the powers of the board, including the right to sue and be sued.

The Board, within its limited field of operation, "is as certainly the agent of the City ... as the City Council and other existing agencies of the municipality." *San Antonio Independent School District v. Water Works Board of Trustees*, 120 S.W.2d

**344**

861, 865 (Tex.Civ.App.—Beaumont 1938, writ ref'd). In adopting regulations concerning water main extensions, the Board, like the Board of Adjustment in *Stovall*, was clearly exercising "its legislative or governmental power," *Crownhill Homes, Inc. v. City of San Antonio*, 433 S.W.2d 448, 459 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.), and must be considered a governmental agency of the City of Eagle Pass.

It should also be pointed out that the relief sought against the individual members of the Board by Developer and the City required the performance of duties which the members could perform only in their official capacities, and the relief sought by such individual members could be obtained by them only in their official capacities. Since the causes of action and defenses asserted by the members of the Board could be asserted by them only in their official capacities, the exemption from the requirement of filing an appeal bond is clearly applicable. *City of Ranger v. Commission on Law Enforcement Officer Standards and Education*, 599 S.W.2d 693, 694 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); *Andricks v. Schaefer*, 279 S.W.2d 421 (Tex.Civ.App.—San Antonio 1955, no writ).

The Board and its members, by giving notice of appeal, perfected their appeal to this Court. Tex.R.Civ.P. 363.

It is clear that any action by the trial court holding Relators in contempt would interfere with the jurisdiction of this Court to determine the appeal of Relators from that portion of the judgment of the trial court dismissing them from cause No. 6225, and would further be in excess of the jurisdiction of the trial court since the perfection of Relators' appeal from such judgment vested this Court with exclusive jurisdiction to consider questions of contempt based on disobedience of such order.

The application for writ of prohibition is granted. Respondents, the Honorable Walter Loughridge, sitting as judge of the District Court, 63rd Judicial District, Maverick County, Texas, and Deer Run Properties, Inc., are prohibited from taking any action designed to coerce Relators, Eugenio Mireles, Leroy Slubar, Roberto Mireles and Richard Lane, to comply with the mandatory injunction issued in cause No. 6225, in the 63rd Judicial District Court, styled *Frontier Implement Company et al. v. City of Eagle Pass et al.*, on March 12, 1981, insofar as such mandatory injunction seeks to compel these Relators to extend the water mains of the City to Eagle Pass Water Works System to Deer Run Subdivision in Maverick County and to furnish water service to the lots in such subdivision.

Since we are confident that Respondents will comply with this order, the Clerk of this Court shall not issue the writ of prohibition unless Respondents disobey this order.