# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00054-CV
NO. 03-05-00055-CV

**Frank D. Mendicino, Appellant**

**v.**

**Texas Workforce Commission, Adecco USA Inc. and Celestica Inc., Appellees**

**&**

**Texas Workforce Commission, Adecco USA Inc., Celestica Inc., and TALX, Appellees**

**FROM THE COUNTY COURTS AT LAW NO. 2 & 3 OF WILLIAMSON COUNTY
NOS. 04-1095-CC2 & 04-0360-CC3,
HONORABLE DONALD HIGGINBOTHAM, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

These appeals arise from the Texas Workforce Commission's denials of Frank D. Mendicino's claims for unemployment benefits. Mendicino contends that the trial court committed procedural and evidentiary errors when granting summary judgment in favor of appellees on his claims. We affirm the judgments.

Mendicino was assigned by Adecco USA, Inc., a temporary personnel service, to work at its client company, Celestica, Inc., as a materials handler beginning on January 23, 2003. He was terminated on October 31, 2003.

Mendicino sought unemployment benefits both initially after his termination and for the period between December 21, 2003, through January 3, 2004. Mendicino's claim was denied. At an administrative hearing, Adecco[1] presented evidence that it discharged Mendicino for misconduct for using his personal e-mail account for Celestica company business in violation of company policy. The Adecco supervisor on-site at Celestica, Amalia Moses, testified by affidavit that she told Mendicino in his orientation that he was not authorized to use the internet or his personal e-mail at work. The company policy she cited was a confidentiality policy contained in a broader employment agreement signed by Mendicino.[2] Moses also testified that, after Mendicino used his personal e-mail account to send confidential information to a Celestica manager, she warned him not to use his personal e-mail account for business purposes. She also testified that, on October

---

[1] Mendicino calls Adecco and Celestica his joint or co-employers, but the style of the proceeding before the Commission indicates that his claim was made against Adecco.

[2] Paragraph seven of the Adecco Associate Agreement for Assignments at Celestica, attached to the Commission's motion for summary judgment, provides as follows:

> During and/or after my performance of services for Celestica, I will maintain in confidence and will not use or disclose, except as necessary in the performance of obligations to Adecco, Celestica Information, that I have acquired or will acquire (whether or not developed by me) during my performance of services for or related to Celestica.

> The term "Celestica Information" used in this Agreement means any information identified by the Celestica as confidential or any other technical, business or financial information, the use or disclosure of which might reasonably be construed to be contrary to the interest of the Celestica. When the Celestica Information becomes generally available to the public other than by my acts or omissions, it is no longer subject to the restrictions in this paragraph. Disclosure of Celestica Information to anyone outside the Celestica or Adecco (in connection with Adecco's obligations related to Celestica) must be authorized by the Celestica in writing.

6, 2003, she warned Mendicino that use of the internet and his personal e-mail account at work to do his job was a "serious infraction of the policy." She stated that, although Mendicino could have telephoned or walked into her office to speak with her, he again accessed the internet to use his personal e-mail to ask her a question about his continued employment. Mendicino contended that his use of the internet and personal e-mail for work purposes was known and condoned by Celestica supervisors and was more efficient.

The appeal tribunal affirmed the denial of Mendicino's original claim for unemployment benefits, concluding that he was disqualified by being discharged for misconduct. *See* Tex. Lab. Code Ann. § 207.044 (West 2006). The Commission affirmed the denial of benefits. The Commission also denied Mendicino's second claim for unemployment benefits, concluding that he was not available for work between December 21, 2003 and January 3, 2004. *See id.* § 207.021(a)(4). Mendicino filed suits challenging the Commission's determinations that he was discharged for misconduct (appellate cause number 03-05-00055-CV) and that he was unavailable for work in late 2003 and early 2004 (appellate cause number 03-05-00054-CV).

The trial court set a hearing on the merits of the original claim for October 13, 2004, then recessed to give Mendicino, proceeding pro se, an opportunity to familiarize himself with trial procedures. The Commission then filed a motion for summary judgment, later adopted by Adecco, contending that Mendicino was accorded due process and that substantial evidence supported the Commission's conclusion that he was ineligible for benefits because he had been discharged for misconduct. The trial court held a hearing on the motions for summary judgment on December 16, 2004. Mendicino appeared at this hearing. The court granted the motions for summary judgment,

3

affirming the Commission's order denying the original claim for unemployment benefits. In the judgment, the trial court also dismissed Mendicino's claims against Celestica and TALX.

On December 21, 2004, the Commission moved to dismiss the second suit, contending that Mendicino's denial of benefits in the original suit disqualified him from obtaining subsequent benefits in the second suit. *See* Tex. Lab. Code Ann. § 207.044(b). The Commission also asked that Mendicino take nothing and that the trial court affirm the Commission's decision. Adecco filed a similar motion. The motions to dismiss were set for hearing on March 31, 2005. However, on March 28, 2005, the court struck through the trial court cause number in the caption of the final judgment in the original cause and inserted the second cause number. The judgment in this second cause was file-stamped on March 28, 2005, although the court did not change either the text of the judgment or the "signed on" date in the judgment from December 16, 2004.

On appeal, Mendicino contends that the judgments were erroneous. He focuses on the denial of the original claim for benefits.[3] He contends that the court erred by allowing a hearing to proceed without all four appellees (Celestica and TALX were not present). He argues that the trial court denied him a trial de novo and due process. He complains that the court's judgment is based on clearly fraudulent, inadmissible evidence and relies on the law to the exclusion of the facts.

---

[3] Mendicino filed a brief concerning the judgment against his original claim in appellate cause number 03-05-00055-CV. The Commission and Adecco filed briefs in response. After this Court consolidated the two appeals for consideration and invited supplemental briefing relevant to appellate cause number 03-05-00054-CV, Mendicino did not file another brief. The Commission, later joined by Adecco, filed supplemental briefs reiterating their contention that the second claim for unemployment benefits was moot based on the trial court's affirmance of the Commission's denial of the original claim for benefits in appellate cause number 03-05-00055-CV.

4

Judicial review of the Commission's decisions on unemployment benefits is by trial de novo under the substantial evidence standard. Tex. Lab. Code Ann. § 212.202(a) (West 2006). The action of the Commission carries a presumption of validity, and the party seeking to set aside its decision has the burden of showing that it was not supported by substantial evidence. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986). Although substantial evidence is more than a mere scintilla, the evidence in the record may actually preponderate against the agency's decision and nonetheless amount to substantial evidence. *See State v. Public Util. Comm'n*, 883 S.W.2d 190, 204 (Tex. 1994). This judicial review is not subject to the administrative procedures act. *Mercer*, 701 S.W.2d at 831. The trial court examines whether the evidence introduced at the trial court shows facts in existence at the time of the Commission's decision that reasonably support the decision. *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). The reviewing court may not set aside a decision of the Commission merely because the court would have reached a different result, but may do so only if it finds that the Commission's decision was made without regard to the law or the facts and was therefore unreasonable, arbitrary, or capricious. *Mercer*, 701 S.W.2d at 831.

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*. Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

Mendicino complains that the absence of representatives of Celestica and TALX from a trial court hearing deprived the trial court of jurisdiction. He cites *Texas Employment Commission v. Gant, Inc.* for the proposition that all parties to the proceedings before the Commission must be made parties to the suit in order to invest the reviewing court with jurisdiction over the matter. *See* 604 S.W.2d 211, 213 (Tex. Civ. App.—San Antonio 1980, no writ); *see also* Tex. Lab. Code Ann. § 212.201(b) (West 2006). We find no harmful error in the absence of Celestica and TALX from the December 16 hearing. If Celestica and TALX were necessary parties, the trial court had jurisdiction because appellant made Celestica and TALX defendants. The court did not lose the power to consider the case because representatives of certain parties did not attend a hearing.

In addition, Celestica and TALX were not necessary parties. The administrative proceeding from which this case arose involved claimant Mendicino and "the person for which [the] claimant last worked." *See* Tex. Lab. Code Ann. § 212.051-.052 (West 2006). The portions of the administrative record on file here show Adecco as Mendicino's employer. Although Mendicino describes Celestica and Adecco as his "joint employers," others, including the Commission through its hearings officer and at trial, describe Celestica as Adecco's client. Although Mendicino said at the October trial court hearing that TALX was "the only party that responded" to the Commission's discovery requests concerning his claim for benefits, the Commission characterized TALX as "a company who represents employers before the Commission," not as a litigant. The record supports a finding that Adecco and the Commission were the only necessary defendants in the trial de novo, and that the absence of other parties from a hearing at which the suit against them was dismissed did not deprive the trial court of jurisdiction over the case.

6

Mendicino argues that the trial court erred by basing its decision only on the law and not on the facts. He asserts that the trial court's error is manifest in its decision to file a conclusion of law without findings of fact. Substantial evidence review permits reversal when the decision under review was made without regard to the law or facts. *See Mercer*, 701 S.W.2d at 831. Although courts must review the facts when conducting a substantial evidence review, the determination of whether substantial evidence supported the Commission's decision is a question of law. *See Gilder v. Meno*, 926 S.W.2d 357, 365 (Tex. App.—Austin 1996, writ denied). The decision to grant summary judgment is also a matter of law. *Knott*, 128 S.W.3d at 217 (citing Tex. R. Civ. P. 166a(c)). The court's decision to make no findings of fact and only one conclusion of law does not prove that it failed to review facts or did so incorrectly in granting summary judgment in a substantial evidence review.

Mendicino complains that the trial court based its decision on "clearly fraudulent and inadmissible evidence." He contends that conflicts in evidence from Adecco supervisor Moses show that she committed perjury that undermines the judgment.[4] He argues that there are significant inconsistencies among an e-mail, an affidavit, and her testimony at the administrative hearing. In her e-mail to a Celestica supervisor on the morning Mendicino was fired, Moses wrote, "My last conversation with Frank with regards to the internet and PC use for business only was on 10/6/03 and he used the computer to access Yahoo at 8:13 am today." This unsworn statement is not

---

[4] Mendicino also alleges that several people, including the assistant attorney general representing the Commission, "were clearly accomplices is involved in fraudulently avoiding contributions or payment of benefits." He supplies no record references supporting his allegation that anyone else encouraged, participated in, or knew of any perjury by Moses.

necessarily inconsistent with Moses's statement in her affidavit that Mendicino "was not authorized to use the internet or his personal e-mail account at work." The e-mail does not give the details of the contents of that "last conversation." Nor are either of these inconsistent with Moses's testimony before the appeal tribunal that, in the e-mail that led to his termination, Mendicino inquired about continued employment at Celestica and that she forwarded the e-mail to a Celestica human resources manager "asking if we would be able to offer Frank a mini pay increase." Passing along an e-mail sent by Mendicino on his personal account does not change whether Mendicino was authorized to send it originally.

The record does not contain an administrative or judicial finding of perjury, fraud, or consideration of inadmissible evidence, nor does the record support such. A person commits perjury

> if, with intent to deceive and with knowledge of the statement's meaning:
>
> (1) he makes a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by law to be made under oath; or
>
> (2) he makes a false unsworn declaration under Chapter 132, Civil Practice and Remedies Code.

Tex. Pen. Code Ann. § 37.02 (West 2003). Even if the comparison proved one or more of Moses's statements to be false, Mendicino points to no evidence of deceptive intent by Moses. Nor has he shown that the evidence was inadmissible or that any objection to the admissibility was preserved for appellate review. *See* Tex. R. App. P. 33.1 (preservation); *see also*, *e.g.*, Tex. R. Evid. 103 (rulings on evidence), 402 (relevant evidence admissible). Mendicino has shown at most

inconsistency, which weighs on credibility rather than admissibility, and is better resolved by the fact-finder than an appellate court. *See Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 567 (Tex. 2000); *cf.* Tex. R. Evid. 607. We conclude that the record does not support Mendicino's allegation that the judgment is based on fraudulent and inadmissible evidence.

Mendicino also complains that he was denied due process because the Commission's decision was based on "wrongdoing" such as the Commission's refusal to issue subpoenas and improper application of the burden of proof. We first note that the Commission is not required to issue subpoenas on demand. *See* 40 Tex. Admin. Code § 815.18(1)(A) (2004).[5] Next, the hearings examiner's statement that he personally had the burden to find the truth does not show that the examiner failed to require proof that Mendicino was disqualified from receiving benefits. Further, regardless of whether Mendicino was accorded due process at the agency level, the trial de novo provided due process. A trial de novo on the issues passed on by the agency mitigates due process violations at the administrative level. *Texas Employment Comm'n v. Remington York, Inc.*, 948 S.W.2d 352, 358 (Tex. App.—Dallas 1997, no pet.); *Francisco v. Board of Dental Exam'rs*, 149

---

[5] The administrative code provides as follows:

> Subpoenas to compel the attendance of witnesses and the production of records for any hearing of an appeal may be issued at the direction of the Commission or its designee or an appeal tribunal. A subpoena may be issued either at the request of a party or on the motion of the Commission or its designee or the appeal tribunal. The party requesting a subpoena shall state the nature of the information desired, including names of any witnesses and the records that the requestor feels are necessary for the proper presentation of the case. The request shall be granted only to the extent the records or the testimony of the requested witnesses appears to be relevant to the issues on appeal.

40 Tex. Admin. Code § 815.18(1)(A) (2004).

S.W.2d 619, 622 (Tex. Civ. App.—Austin 1941, writ ref'd). Mendicino has not shown that he was denied any requested discovery at the trial de novo, nor does he allege any deprivation of due process at the trial court other than its affirmance of the Commission's decision.

Mendicino contends that the trial court denied him a trial de novo because it failed to file timely findings of fact and conclusions of law and, when it did file such, filed findings and conclusions that tracked the Commission's proposals. He asserts that this shows either that the Commission, the attorney general, and the assistant attorneys general presided over the trial or that they conspired with the trial court in deciding the case.

This case was decided on summary judgment. The Commission and Adecco filed motions for summary judgment, and Mendicino did not file a response. Normally, findings of fact and conclusions of law have no place in summary judgment proceedings, *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994), and the failure to make such findings is not error. *Cotton v. Ratholes, Inc.*, 699 S.W.2d 203, 204 (Tex. 1985). The trial court acknowledged this by filing only the conclusion of law that substantial evidence supported the Commission's decision. Resemblance or even identity between the proposed findings and conclusions and those signed by the trial court does not show error. Mendicino had the opportunity to request additional findings and conclusions to address any deficiencies. The record does not contain such a request. Nor does similarity between the proposed conclusion and the court's document show conspiracy between parties and the trial judge. Nothing in the record supports Mendicino's allegation of such a conspiracy. Mendicino had the opportunity to respond to the motion for summary judgment and appeared and argued at the

10

summary judgment hearing. This satisfies the requirement for trial de novo. The somewhat belated filing of a conclusion of law does not show any deprivation of due process rights.

Mendicino contends that the trial court erred by granting the Commission's motion for summary judgment. He contends that the evidence submitted by the Commission was incredible, perjured, and unreasonable and that it did not show that he was guilty of misconduct. As discussed above, the record does not show that the evidence is perjured. Nor does our review show it to be incredible or unreasonable.

We must determine whether the record supports as a matter of law the conclusion that the Commission's finding of misconduct was supported by substantial evidence. The labor code defines misconduct as "mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees." Tex. Lab. Code Ann. § 201.012(a) (West 2006). Mendicino contends that the record shows that he did not commit misconduct by using his personal e-mail because other employees received and sent e-mails to his private account and his Celestica supervisor was aware of and approved of this usage. This evidence was countered by evidence that Mendicino was not authorized to use the internet or his personal e-mail at work, that he had been reminded of that policy less than a month before he was fired, and that he used his personal e-mail the morning that he was terminated.

This competing evidence regarding whether Mendicino committed misconduct by violating a company policy reasonably supports the Commission's decision and shows that it was

11

not unreasonable, arbitrary, or capricious. Thus, the record shows the absence of a genuine issue of material fact concerning whether substantial evidence supported the Commission's decision. The trial court did not err by granting the Commission's motion for summary judgment.

Mendicino contends that the trial court erred by granting Adecco's motion for summary judgment because it adopted the Commission's motion. He contends that this motion violates the labor code and shows conspiracy. The labor code section he cites concerns the representation of the Commission by the attorney general's office. *See* Tex. Lab. Code Ann. § 213.001 (West 2006). The fact that the party who prevailed at the Commission and desires to have that decision affirmed by the trial court joins and adopts the Commission's motion for summary judgment does not mean that the party or its attorney is illicitly representing the Commission. Nor is such adoption evidence of conspiracy. The trial court did not err by granting Adecco's motion for summary judgment.

Having considered all of the issues raised by Mendicino and concluded they present no error, we affirm the judgments of the trial court.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: May 19, 2006

12