ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 31, 2006

The Honorable Kip Averitt
Chair, Committee on Natural Resources
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0434

Re: Authority of the El Paso Water Utilities Public Service Board to set an impact fee for new development in the City of El Paso and its extraterritorial jurisdiction (RQ-0417-GA)

Dear Senator Averitt:

Your predecessor as Chair of the Senate Committee on Natural Resources inquired whether the El Paso Water Utilities Public Service Board (the "Public Service Board") may establish an impact fee for water and wastewater infrastructure needed for new development in the City of El Paso and its extraterritorial jurisdiction.[1]

The El Paso City Council created the Public Service Board in 1952 by adopting an ordinance under former article 1115, Revised Civil Statutes, now codified as Government Code section 1502.070.[2] *See* EL PASO, TEX. ORDINANCE No. 752, § 8 (1952);[3] *see also* Act of May 1, 1995, 74th Leg., R.S., ch. 69, §§ 1(5), 4, 1995 Tex. Gen. Laws 448, 449 (defining Public Service Board and designating the City of El Paso, through its Public Service Board, as the regional water and wastewater planner).

Government Code section 1502.070 provides that "[m]anagement and control of a utility system may be vested in . . . a board of trustees named in the proceedings adopted by the municipality and consisting of not more than five members, one of whom must be the mayor of the municipality." TEX. GOV'T CODE ANN. § 1502.070(a)(2) (Vernon 2000). It further states that

---

[1]Letter from Honorable Ken Armbrister, Chair, Committee on Natural Resources, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (Nov. 15, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Act effective 90 days after adjournment, 32d Leg., R.S., ch. 112, § 4, 1911 Tex. Gen. Laws 230; *repealed and recodified by* Act of May 10, 1999, 76th Leg., R.S., ch. 227, §§ 1, 28(c), 1999 Tex. Gen. Laws 3899, 3910; *renumbered from Government Code § 1502.071 and amended by* Act of May 20, 1999, 76th Leg., R.S., ch. 1064, § 22, 1999 Tex. Gen. Laws 3899, 3910.

[3]On file with the Opinion Committee.

> (c) The proceedings of the municipality may specify the terms of office of the board of trustees, their powers and duties, the manner of exercising those powers and duties, the election of successor trustees, and any matter relating to the organization and duties of the board. On any matter not covered by the proceedings, the board of trustees is governed by the laws and rules governing the municipality's governing body, to the extent applicable.

*Id.* § 1502.070(c); *see generally* EL PASO, TEX. ORDINANCE No. 752 (1952) (setting out various powers of the Public Service Board).

Thus, pursuant to the 1952 ordinance and Government Code section 1502.070, the Public Service Board manages and controls the El Paso water and wastewater system. Since 1952, "the principal action by the City Council on behalf of the water utility was to approve the issuance of water and sewer financial bonds . . . . The Public Service Board approves its annual budget, sets rates and has complete autonomy over [the] water and sewer system servicing El Paso and El Paso County." Request Letter, *supra* note 1, at 1.

No provision in chapter 1502 authorizes the Public Service Board to establish impact fees or even refers to such fees; we therefore turn to Local Government Code chapter 395, which authorizes certain political subdivisions to establish impact fees. Section 395.001 defines "impact fee" as "a charge or assessment imposed by a political subdivision against new development in order to generate revenue for funding or recouping the costs of capital improvements or facility expansions necessitated by and attributable to the new development." TEX. LOC. GOV'T CODE ANN. § 395.001(4) (Vernon Supp. 2005). A "capital improvement" that may be funded by impact fees includes certain "water supply, treatment, and distribution facilities; [and] wastewater collection and treatment facilities" that "are owned and operated by or on behalf of a political subdivision." *Id.* § 395.001(1).

A "political subdivision" within chapter 395 "means a municipality, a district or authority created under Article III, Section 52, or Article XVI, Section 59, of the Texas Constitution, or, for the purposes set forth by Section 395.079, certain counties described in that section." *Id.* § 395.001(7); *see also id.* § 395.079(a) (impact fee for storm water, drainage, and flood control in a county with a population of 3.3 million or more or that borders a county with such population and certain districts and authorities created under Texas Constitution article XVI, section 59). A political subdivision within this definition may impose and collect impact fees in its service area that is within its corporate boundaries or extraterritorial jurisdiction and that will be served by the capital improvements or facility expansions. *See id.* § 395.001(9). To adopt an impact fee, a political subdivision must comply with the detailed procedures set out in subchapter C of chapter 395, which are designed to keep the public well informed of the political subdivision's action. *See id.* § 395.041 (Vernon 1999). "Unless otherwise specifically authorized by state law or by this chapter, a governmental entity or political subdivision may not enact or impose an impact fee." *Id.* § 395.011(a).

The Public Service Board is not "a municipality, a district or authority created under Article III, Section 52, or Article XVI, Section 59, of the Texas Constitution," or an entity within section 395.079 and accordingly is not a "political subdivision" within chapter 395. *See id.* § 395.001(7) (Vernon Supp. 2005). Chapter 395 confers the power to set impact fees on the City of El Paso, which must act by and through its governing body. *See id.* ch. 395 (Vernon 1999 & Supp. 2005); *see also City of Coppell v. General Homes Corp.*, 763 S.W.2d 448, 456 (Tex. App.—Dallas 1988, writ denied); *Cook v. City of Addison*, 656 S.W.2d 650, 657 (Tex. App.—Dallas 1983, writ ref'd n.r.e.) (a political subdivision of the state may act only by and through its governing body). A public service board, within its limited field of operation, is an agent of the city that established it under Government Code section 1502.070 or its predecessor. *See Zacharie v. City of San Antonio*, 952 S.W.2d 56, 59 (Tex. App.—San Antonio 1997, no writ); *Mireles v. Deer Run Properties, Inc.*, 616 S.W.2d 342, 343 (Tex. Civ. App.—San Antonio 1981, no writ); *San Antonio Indep. Sch. Dist. v. Water Works Bd. of Trustees*, 120 S.W.2d 861, 865 (Tex. Civ. App.—Beaumont 1938, writ ref'd); Tex. Att'y Gen. Op. Nos. DM-444 (1997) at n.7, JM-4 (1983) at 2. The powers of the Public Service Board are limited to those conferred upon it by Ordinance No. 752 and Government Code chapter 1502.

Moreover, the City Council may not delegate to the Public Service Board its authority to impose impact fees. Section 395.011 provides that "[u]nless otherwise specifically authorized by state law or this chapter, a governmental entity or political subdivision may not enact or impose an impact fee." TEX. LOC. GOV'T CODE ANN. § 395.011 (Vernon 1999). This language indicates that only a governmental entity expressly authorized by statute may establish an impact fee. Furthermore, absent express authority a political subdivision may not delegate a statutorily-authorized power. *See Newsom v. Adams*, 451 S.W.2d 948, 953 (Tex. Civ. App.—Beaumont 1970, no writ); *Moody v. Tex. Water Comm'n*, 373 S.W.2d 793, 797 (Tex. Civ. App.—Austin 1964, writ ref'd n.r.e.) (absent express legislative authority, a public office may delegate only ministerial tasks); *see generally Lipsey v. Tex. Dep't of Health*, 727 S.W.2d 61, 64 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (considering implied statutory authority of an administrative agency to subdelegate a statutorily-authorized function). Accordingly, a political subdivision may not delegate its authority to establish an impact fee to another governmental entity.

The Public Service Board does not have authority to set impact fees. If, however, the El Paso City Council approves the imposition of impact fees for water and wastewater infrastructure in the city and its extraterritorial jurisdiction, it may delegate ministerial authority to the Public Service Board to collect those fees and spend them for authorized purposes pursuant to Local Government Code chapter 395, Ordinance No. 752, and the city ordinance approving the impact fees. *See San Antonio Indep. Sch. Dist. v. City of San Antonio*, 550 S.W.2d 262 (Tex. 1976) (city was authorized to delegate to city public service board ministerial duty of computing excess fuel charges according to a formula set by the city council).

## S U M M A R Y

The El Paso Water Utilities Public Service Board is not authorized to establish an impact fee for water and wastewater infrastructure for new development in the City of El Paso and its extraterritorial jurisdiction. Local Government Code chapter 395 vests in the City of El Paso the sole authority to adopt such impact fees. If the El Paso City Council approves the imposition of impact fees for water and wastewater infrastructure in the city and its extraterritorial jurisdiction, it may delegate ministerial authority to the El Paso Water Utilities Public Service Board to collect those fees.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee